IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BLUE BRIDGE FINANCIAL, INC.                                                    PLAINTIFF

v.                                    Case No. 6:24-cv-6154

CHAD MOREHEAD                                                                  DEFENDANT

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 20.

Judge Bryant recommends that Plaintiff Blue Bridge Financial, Inc.'s ("Blue Bridge") Motion to Dismiss (ECF No. 10) be granted and that Defendant Chad Morehead's ("Morehead") counterclaim (ECF No. 9, p. 4-5) be dismissed with prejudice. Specifically, Judge Bryant recommends that Morehead's counter-claim be barred by the doctrine of res judicata. Judge Bryant notes that Blue Bridge previously brough an action against Morehead in the Saline County, Arkansas Circuit Court ("State Action") regarding Morehead's alleged default on a loan. Judge Bryant further notes Blue Bridge sought and obtained summary judgment against Morehead in the State Action. Because Morehead's counter-claim in this action centers around allegations that Blue Bridge presented false evidence and testimony in the State Action in order to receive summary judgment regarding his default, Judge Bryant determines that the issue of Morehead's default has been litigated in the State Action. Consequently, Morehead's claim centering on the reality of his default is barred through issue preclusion, also known as collateral estoppel, under Arkansas law.

Morehead filed a timely objection. ECF No. 22. However, his objection does not address any of Judge Bryant's analysis regarding issue preclusion. Instead, Morehead simply reiterates

his allegations regarding erroneous or fabricated testimony introduced in the State Action and asserts that he was not in default when Blue Ridge obtained summary judgment against him. Without a specific objection, the Court need only review the R&R for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is necessary to require a *de novo* review of a magistrate's recommendation instead of a review for plain error); *and see* 28 U.S.C. § 636(b)(1).

Upon review, finding no clear error on the face of the record and that Judge Bryant's reasoning is sound, the Court adopts the R&R (ECF No. 20) in toto. Accordingly, Plaintiff Blue Bridge's Motion to Dismiss (ECF No. 10) is hereby **GRANTED**. Defendant Morehead's counterclaim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge